# EXHIBIT T

*<u>Maison Reeves Homeowners Association v. Pacific Northstar Reeves, LLC, et al.</u>*
**Los Angeles Superior Court Case No.: BC558922 consolidated with
BC610856 and BC614531**

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "AGREEMENT") is made and entered into by and between the following parties: Cross-Defendant H&R Construction & Surfacing, Inc. (hereinafter "H&R") and Cross-Complainant Ironshore Specialty Insurance Company as Intervenor for Pacific Northstar Reeves, LLC and Avoca USA, Inc. (hereinafter "Ironshore").

These individuals and entities shall hereinafter be referred to collectively as "SETTLING PARTIES".

**A.    RECITALS**

    A1.  WHEREAS, a dispute between the SETTLING PARTIES has arisen which is the subject matter of the Superior Court of California, County of Los Angeles, action entitled *MAISON REEVES HOMEOWNERS ASSOCIATION V. PACIFIC NORTHSTAR PROPERTY GROUP, LLC*, Los Angeles County Superior Court case no. BC558992 (consolidated with BC610856 and BC614531). All references to the "ACTION" herein refer to the Los Angeles County Superior Court Cross-Complaint filed in connection with this dispute.

    A2.  The ACTION arises from allegations of negligence and violations of Civil Code 896 *et. seq.* related to property located at 261 S. Reeves St., Beverly Hills, California (hereinafter "SUBJECT PROPERTY"). Ironshore filed a cross-complaint against H&R alleging equitable indemnification, contributions, negligence, and declaratory relief.

*Maison Reeves Homeowners Association v. Pacific Northstar Reeves, LLC, et al.*
**Los Angeles Superior Court Case No.: BC558922 consolidated with
BC610856 and BC614531**

A3.  WHEREAS, the SETTLING PARTIES wish to settle all differences among them arising out of or in any way concerning, connected with or pertaining to the allegations in the ACTION concerning the SUBJECT PROPERTY.

A4.  WHEREAS, this AGREEMENT is executed to settle the ACTION between Ironshore and H&R and is executed concurrently with a Stipulation for Entry of Judgment against H&R related to the ACTION attached hereto as **Exhibit "A."**

**B.   AGREEMENT**

NOW, THEREFORE, in consideration of the promises contained in this AGREEMENT, the SETTLING PARTIES agree as follows:

B1.   Consideration for Settlement:

a.   H&R hereby agrees to a stipulated judgment in the amount of **$1,236,720.89** and the SETTLING PARTIES shall execute a Stipulation for Entry of Judgment in the amount of **$1,236,720.89** a copy of which is attached hereto as **Exhibit "A"**. Ironshore will file the Stipulation for Entry of Judgment with the Los Angeles Superior Court, but hereby agrees and covenants never to execute on the entered Judgment, including but not limited to assigning the Judgment to any third party or reporting the Judgment to the Contractor's State License Board.

b.   H&R hereby agrees to assign to Ironshore any and all rights which H&R may have against Everest Indemnity Insurance Company arising out of this ACTION including, but not limited to, all claims arising out of or in any way related to H & R's claim for coverage under the Everest policy and any and all claims, causes of action or damages flowing from Everest's actions in relation to such claims, whether founded on contract or tort, to the fullest extent permitted by law. H & R agrees to cooperate in any way necessary to effectuate this

2

*Maison Reeves Homeowners Association v. Pacific Northstar Reeves, LLC, et al.*
**Los Angeles Superior Court Case No.: BC558922 consolidated with
BC610856 and BC614531**

assignment including, but not limited to, cooperating fully with Ironshore in any suit or other proceeding to enforce these claims and rights by allowing access to witnesses and documents as is reasonably necessary, and producing and/or executing any documents as is necessary to prosecute the action or perfect any rights or remedies. Further, H & R agrees that Ironshore may further assign this assignment to any other parties, at its sole discretion and without further consent from or consideration to H & R.

    c. Prior to signing this Agreement, H&R shall deliver to Ironshore sufficient factual evidence via declaration and exhibits to demonstrate that H&R does not have sufficient assets to cover the amount of the Judgment and that H&R does not have CGL insurance coverage for the claims alleged in the ACTION against H&R.

  B2. <u>Settlement Not the Product of Collusion or Fraud</u>

The SETTLING PARTIES acknowledge and agree that the settlement contemplated by this AGREEMENT is made in good faith and is not the product of any collision or fraud on the part of the SETTLING PARTIES, but rather, is a result of H&R's inability to pay for a settlement commensurate with its total exposure for this ACTION due to a lack of insurance coverage available to H&R.

  B3. <u>Dismissals</u>.

Upon receipt of the filed Stipulation for Entry of Judgment and the fully executed AGREEMENT, Ironshore will execute, file and serve a dismissal with prejudice of any operative pleading naming H&R from the ACTION. The dismissals shall be filed and served no later than ten (10) days from receipt of the filed Stipulation for Entry of Judgment and the fully executed AGREEMENT.

*Maison Reeves Homeowners Association v. Pacific Northstar Reeves, LLC, et al.*
**Los Angeles Superior Court Case No.: BC558922 consolidated with
BC610856 and BC614531**

B4.   Direct Actions by Third Parties.

It is the understanding of the SETTLING PARTIES that no other party to the ACTION has or is asserting any claims against H&R at this time. Nevertheless, in the event any party to the ACTION attempts to assert a direct claim and/or file a default against H&R following the execution of this Agreement, Ironshore agrees to support H & R's efforts to extricate itself from such a matter, but does not agree to incur any litigation costs and fees to accomplish same unless Ironshore, of its own volition chooses to do so, once it has an opportunity to evaluate the action being levied against H & R.   In addition, in the event any party to the action is able to successfully assert a direct claim and/or file a default against H&R following execution of this agreement, the SETTLING PARTIES agree that H&R may void this agreement and set aside the Stipulated Judgment.

B5.   Waiver of costs and fees.

All SETTLING PARTIES shall bear their own attorneys' fees and costs with respect to the matters dismissed herein.

B6.   Full Settlement and Compromise of Claims Released.

This AGREEMENT is intended as a full settlement and compromise of each and every claim and all claims of every kind that Ironshore ever had, now have, or will in the future have against H&R arising out of or accrued as a result of H&R's work at the SUBJECT PROPERTY alleged in connection with the ACTION.

B.5   Waiver of Unknown Claims. Ironshore acknowledges that it is familiar with the provisions of Section 1542 of the California Civil Code and expressly agree that each release set

4

*Maison Reeves Homeowners Association v. Pacific Northstar Reeves, LLC, et al.*
**Los Angeles Superior Court Case No.: BC558922 consolidated with BC610856 and BC614531**

forth above constitutes a waiver and release of any rights or benefits that it may have under that statute as it pertains to the release claims. California Civil Code Section 1542 states:

**GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties expressly acknowledge that the effect and import of this provision has been fully explained by their counsel and that this Agreement is entered into freely and voluntarily, without duress or undue influence.

C.   **GENERAL PROVISIONS**

   C1.   <u>Assumption of Risk</u>.

   It is understood by the SETTLING PARTIES that the facts with respect to which this release is hereby given may turn out to be other than, or different from, the facts now believed by the SETTLING PARTIES to exist at the time of this AGREEMENT. The SETTLING PARTIES expressly assume this risk and declare and represent that each of the SETTLING PARTIES has investigated the facts as each deems necessary and has not relied and does not rely upon any promise or representation made by anyone concerning the subject matter of the AGREEMENT. The SETTLING PARTIES agree that the foregoing release shall in all respects be effective and not subject to termination or rescission because of any such mistaken belief.

5

*Maison Reeves Homeowners Association v. Pacific Northstar Reeves, LLC, et al.*
**Los Angeles Superior Court Case No.: BC558922 consolidated with BC610856 and BC614531**

C2. <u>No Admissions</u>.

The SETTLING PARTIES further declare and represent that it is understood and agreed that this settlement is the compromise of disputed claims, and that the Stipulated Judgment is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releases deny liability therefore and intend merely to avoid litigation and buy their peace.

C3. <u>Entire Agreement</u>.

With respect to the Action, the SETTLING PARTIES further declare and represent that no compromise, inducement, or Agreement not herein expressed has been made by any party hereto, and that this AGREEMENT contains the entire Agreement between the parties hereto, and that the terms of this AGREEMENT are contractual and not mere recitals. This AGREEMENT shall supersede any and all prior agreements made between the SETTLING PARTIES.

C4. <u>Agreement Executed in Counterparts</u>.

This AGREEMENT may be executed in counterparts and shall be effective when fully signed. This AGREEMENT shall be approved as to form and content by counsel for the SETTLING PARTIES. In the event that an executed original signed by any party is transmitted by facsimile, electronic mail or photocopied, a received facsimile transmission, electronic mail document or photocopy of the AGREEMENT shall constitute an "original" as defined by California Evidence Code section 255, and shall be fully effective and binding as to the signatory.

C5. <u>Retention of Court's Jurisdiction</u>.

Pursuant to Code of Civil Procedure Sections 664.6 and 664.7, the SETTLING PARTIES stipulate for settlement of the Action as between them and expressly agree that the Los Angeles Superior Court retain jurisdiction over the SETTLING PARTIES to enforce this AGREEMENT.

*Maison Reeves Homeowners Association v. Pacific Northstar Reeves, LLC, et al.*
**Los Angeles Superior Court Case No.: BC558922 consolidated with BC610856 and BC614531**

C6. <u>Governing Law</u>.

This AGREEMENT shall be construed and interpreted in accordance with the laws of the State of California.

C7. <u>Successors in Interest</u>.

This AGREEMENT shall be binding upon and inure to the benefit of the SETTLING PARTIES hereto and their respective agents, heirs, representatives, successors, assigns, servants, employees, officers, directors, attorneys, and predecessors.

C8. <u>Severability</u>.

In the event that any court holds any provision, term, covenant, or condition of this AGREEMENT to be invalid, then any such invalidity shall not affect any other term, covenant, or condition and the remaining provisions of this AGREEMENT shall be given full force and effect pursuant to the laws of the State of California, unless such invalid term, covenant, or condition is a material part of this AGREEMENT.

C9. <u>Cooperation and Performance</u>.

The SETTLING PARTIES agree to fully cooperate and execute any and all supplementary documents and to take all additional actions which may be necessary to give full force and effect to the basic terms and intent of this AGREEMENT. The SETTLING PARTIES further agree not to take any action which would interfere with the performance of this AGREEMENT by any other party hereto or which would adversely affect any of the rights provided for herein.

THE UNDERSIGNED HAVE READ THE FOREGOING AGREEMENT AND RELEASE AND FULLY UNDERSTAND IT.

*Maison Reeves Homeowners Association v. Pacific Northstar Reeves, LLC, et al.*
Los Angeles Superior Court Case No.: BC558922 consolidated with
BC610856 and BC614531

Dated: November 17, 2017.

_____
IRONSHORE SPECIALTY INSURANCE COMPANY AS INTERVENOR FOR PACIFIC NORTHSTAR REEVES, LLC. AND AVOCA USA, INC.
JAMES GANNON, VICE PRESIDENT CASUALTY CLAIMS

Dated: _____, 2017.

_____
H&R CONSTRUCTION & SURFACING, INC.

APPROVED AS TO FORM:

PALUMBO LAWYERS LLP

Dated: _____, 2017.

By: _____
Dawn A. Hove Esq.
Attorney for IRONSHORE SPECIALTY INSURANCE COMPANY AS INTERVENOR FOR PACIFIC NORTHSTAR REEVES, LLC. AND AVOCA USA, INC.

LAW OFFICES OF JONATHON DEKEL

Dated: _____, 2017.

By: _____
JONATHON DEKEL, Esq.
Attorneys for H&R CONSTRUCTION & SURFACING, INC.

8

*Maison Reeves Homeowners Association v. Pacific Northstar Reeves, LLC, et al.*
Los Angeles Superior Court Case No.: BC558922 consolidated with
BC610856 and BC614531

Dated: _____, 2017.

IRONSHORE SPECIALTY INSURANCE COMPANY AS INTERVENOR FOR PACIFIC NORTHSTAR REEVES, LLC. AND AVOCA USA, INC.

Dated: NOV-17, 2017.

H&R CONSTRUCTION & SURFACING, INC.

APPROVED AS TO FORM:

PALUMBO LAWYERS LLP

Dated: _____, 2017.

By:_____
Dawn A. Hove Esq.
Attorney for IRONSHORE SPECIALTY INSURANCE COMPANY AS INTERVENOR FOR PACIFIC NORTHSTAR REEVES, LLC. AND AVOCA USA, INC.

LAW OFFICES OF JONATHON DEKEL

Dated: 11-17-, 2017.

By:_____
JONATHON DEKEL, Esq.
Attorneys for H&R CONSTRUCTION & SURFACING, INC.

<u>*Maison Reeves Homeowners Association v. Pacific Northstar Reeves, LLC, et al.*</u>
Los Angeles Superior Court Case No.: BC558922 consolidated with
BC610856 and BC614531

Dated: _____, 2017.

IRONSHORE SPECIALTY INSURANCE COMPANY AS INTERVENOR FOR PACIFIC NORTHSTAR REEVES, LLC. AND AVOCA USA, INC.

Dated: _____, 2017.

H&R CONSTRUCTION & SURFACING, INC.

APPROVED AS TO FORM:

PALUMBO LAWYERS LLP

Dated: November 17, 2017.

By: _____
Dawn A. Hove Esq.
Attorney for IRONSHORE SPECIALTY INSURANCE COMPANY AS INTERVENOR FOR PACIFIC NORTHSTAR REEVES, LLC. AND AVOCA USA, INC.

LAW OFFICES OF JONATHON DEKEL

Dated: _____, 2017.

By: _____
JONATHON DEKEL, Esq.
Attorneys for H&R CONSTRUCTION & SURFACING, INC.

8