Robert W. Keaster (SBN 115847)
rkeaster@ckllplaw.com
Michael A. Miller (SBN 177952)
mmiller@ckllplaw.com
**CHAMBERLIN & KEASTER LLP**
15821 Ventura Boulevard, Suite 165
Encino, California 91436-5208
Telephone:  (818) 385-1256
Facsimile:   (818) 385-1802

Attorneys for Defendant
EVEREST INDEMNITY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRONSHORE SPECIALTY INSURANCE COMPANY INDIVIDUALLY AND AS ASSIGNEE OF H&R CONSTRUCTION SURFACING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EVEREST INDEMNITY INSURANCE COMPANY,<br><br>Defendant. | **CASE NO. 2:20-cv-01652 AB (GJSx)**<br>[Assigned to Judge André Birotte, Jr.]<br><br>**DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>**DATE:** November 4, 2022<br>**TIME:** 10:00 a.m.<br>**COURTROOM:** 7B |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on November 4, 2022, at 10:00 a.m. in Courtroom 7B of the above-referenced Court, located at 350 West First Street, Los Angeles, California 90012, Defendant Everest Indemnity Insurance Company ("Everest") will and hereby does move this Court for an order granting summary judgment in favor of Everest as to the Amended Complaint (Doc. 14) of Plaintiff Ironshore Specialty Insurance Company ("Ironshore"), individually and as assignee of H&R Construction & Surfacing, Inc. ("H&R"), in its entirety, and as to each of the claims alleged therein, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*.

This Motion is made on the ground that there is no genuine dispute as to any material fact and Everest is entitled to judgment as a matter of law.  In its Amended Complaint, Ironshore contends that Everest owes a duty to defend and indemnify the developer, Pacific Northstar Reeves, LLC ("PNR"), general contractor, Avoca USA, Inc. ("Avoca"), and a subcontractor, H&R, in two consolidated construction defect actions filed in Los Angeles County Superior Court by the Maison Reeves Homeowners' Association ("HOA")—*Maison Reeves HOA v. Pacific Northstar Property Group, LLC, et al.*, Case No. BC558992 ("PNR CD Action"), and *Maison Reeves HOA v. Avoca USA, Inc., et al.*, Case No. BC610856 ("Avoca CD Action") (collectively "CD Actions") under the project specific, commercial general liability policy issued by Everest to PNR, Policy No. 5000000372-031, for the policy period October 31, 2003, to March 31, 2007 ("Everest Policy").  Ironshore's Amended Complaint alleges the following claims against Everest: (1) declaratory relief regarding Everest's duty to defend and indemnify PNR; (2) declaratory relief regarding Everest's duty to defend and indemnify Avoca, PNR's receiver, Thomas Coleman ("Coleman"), and other subcontractors; (3) equitable contribution; (4) breach of contract as H&R's assignee; and (5) as a judgment creditor under *Cal. Ins. Code* § 11580.  (Doc. 14).  As a matter of law, Ironshore cannot prevail on any of its claims against Everest for the following reasons:

1. The Everest Policy is subject to a self-insured retention ("SIR") of $50,000 per occurrence, which must be exhausted by payment **by the insured** seeking coverage before Everest can owe any duty to defend or indemnify.  PNR and Avoca are both suspended companies who were unable to defend the CD Actions.  Thus, neither entity satisfied the $50,000 SIR under the Everest Policy.  H&R paid less than $30,000 in defense of Ironshore's cross-complaint in intervention on behalf of Avoca in the Avoca CD Action.  Thus, because PNR, Avoca, and H&R did not exhaust the applicable SIR under the Everest Policy with payment by the insured(s), Everest does not owe any duty to defend or indemnify any insured(s) in the CD Actions.

2. There is no coverage under the Everest Policy for property damage during the insured's **ongoing operations** because the "Exclusion - Property Damage to Project" excludes coverage for "'property damage' to the project insured by this policy *during the course of construction*." It is undisputed that construction at the project at issue in the CD Actions was not completed until *after* the expiration of the Everest Policy on March 31, 2007. Thus, as the Everest Policy does not provide coverage for property damage *during the course of construction*, and the project was completed *after* the expiration of the Everest Policy, there is no **ongoing operations** coverage in the CD Actions under the Everest Policy.

3. There is also no **completed operations** coverage under the Everest Policy unless work at the project is completed before the expiration of the Everest policy period as defined by the standard definition of "products-completed operations hazard" in the Everest Policy. It is undisputed that the project at issue in the CD Actions was not completed until after the expiration of the Everest Policy on March 31, 2007. Accordingly, the tail period afforded by the "Contractor Products-Completed Operations Hazard - Applicable Law" endorsement does not apply, and there is no **completed operations** coverage in the CD Actions under the Everest Policy. Thus, Everest Indemnity does not owe any duty to defend or indemnify any insured(s) in the CD Actions.

4. Ironshore's equitable contribution claim is barred by the two-year statute of limitations under *Cal. Code Civ. Proc.* § 339 because the last of the two CD Actions was dismissed by the HOA on February 7, 2018, more than two years before Ironshore filed its complaint in this action on February 20, 2020. The Standstill Agreement between Ironshore and Everest contains two separate and distinct promises which applied once the HOA dismissed the CD Actions. First, Everest agreed to refrain from asserting the statute of limitations *as a defense* until the later of two dates: (1) ninety days after a dismissal is filed by the HOA; or (2) October 6, 2019. Second, the parties agreed that tolling of the statute of limitations would be terminated

when the HOA was unwilling or unable to pursue the CD Actions (i.e. when the HOA dismissed the CD Actions).  Accordingly, any equitable tolling of Ironshore's equitable contribution claim terminated upon the HOA's dismissal of the last of the two CD Actions on February 7, 2018.  As a result, when Ironshore filed is complaint in this action on February 20, 2020, the two-year statute of limitations had already expired.

5. Ironshore cannot prevail on its claim against Everest for breach of contract as H&R's assignee, or as a judgment creditor under *Cal. Ins. Code* § 11580 because H&R was not an enrolled subcontractor, which is required for H&R to qualify as a named insured under the Everest Policy.  The language of the Everest Policy is clear and explicit—subcontractors must be "**enrolled**" in the wrap program to qualify as a named insured.  Based on the ordinary meaning of "enrolled," H&R was required to register by completing an application for enrollment.  The enrollment form utilized by Everest specifically states that "[e]nrollment is not automatic and requires the satisfactory completion of this form."  H&R is not identified as a named insured under the Everest Policy and H&R did not complete an enrollment form. Therefore, H&R does not qualify as an insured under the Everest Policy.

6. As a matter of law, the stipulated judgment against H&R in the amount of $1,236,720.89 is unreasonable and unenforceable against Everest because neither PNR nor Avoca had a legally viable claim against H&R based on PNR and Avoca's status as suspended companies.  Ironshore allegedly paid $1,200,000 to intervene and defend PNR and Avoca in the CD Actions and $200,000 to settle the HOA's claims against PNR and Avoca in the CD Actions.  Ironshore had no legal basis to recover anything from H&R for defense or indemnity **paid on behalf of PNR** because Ironshore did not file a cross-complaint on behalf of PNR.  Ironshore had no legal basis to recover anything from H&R for defense or indemnity **paid on behalf of Avoca** because Ironshore could not pursue an affirmative claim against H&R based on Avoca's status as a suspended corporation.

Additionally, H&R was one of twenty subcontractors sued by Avoca in Ironshore's cross-complaint in intervention in the Avoca CD Action. As a matter of law, principles of comparative fault apply to apportion damages between all implicated subcontractors. Accordingly, H&R could not be liable for the full amount paid by Ironshore to defend and indemnify Avoca. Thus, the stipulated judgment of $1,236,720.89 is inherently unreasonable and unenforceable against Everest, as it is grossly disproportionate to H&R's maximum liability exposure, which at best was limited to an equitable percentage of the amounts Ironshore paid to defend and indemnify Avoca in the Avoca CD Action, and could not have included defense costs incurred on behalf of PNR in the PNR CD Action, which was filed more than sixteen months before the Avoca CD Action.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 16, 2022.

This Motion is based upon this Notice of Motion and Motion for Summary Judgment, Everest's Memorandum of Points and Authorities in Support of Motion for Summary Judgment, Everest's Separate Statement of Undisputed Facts in Support of Motion for Summary Judgment, Everest's Request for Judicial Notice in Support of Motion for Summary Judgment, the declarations of Stephen F. Curran, Jonathan E. Dekel, Michael Sirianni, Robert W. Keaster and Allan J. Favish in support of Everest's Motion for Summary Judgment, Everest's Notice of Lodgment of Unpublished Authority in Support of Motion for Summary Judgment, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the hearing of this matter, if any.

Dated:    September 30, 2022        **CHAMBERLIN & KEASTER LLP**

                                    /s/ *Robert W. Keaster*
                                    By: _____
                                    Robert W. Keaster
                                    Michael A. Miller
                                    Attorneys for Defendant
                                    EVEREST INDEMNITY INSURANCE COMPANY